# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: Z.M. and J.M.

No. 17-0259 (Kanawha County 15-JA-183 & 15-JA-184)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father A.M., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's February 17, 2017, order terminating his parental rights to Z.M. and J.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) terminating his parental rights without granting him more time on an improvement period; and (2) denying him post-termination visitation with the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that he often used crack cocaine and engaged in domestic violence in the children's presence. Specific acts of his domestic violence included "beating" the children's mother; cutting her finger to the bone; holding her hostage for days "while he abused and raped her because she would not allow him to sell their food stamps"; and raping and physically abusing another

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, the proceedings in the circuit court concerned additional children not at issue on appeal.

[2]Petitioner states, in passing, that the circuit court failed to employ the least-restrictive dispositional alternative in this case. As it is not raised as an assignment of error with a full discussion or responses from the other parties, we decline to address the issue.

1

woman.[3] The DHHR further alleged that petitioner was arrested and incarcerated in May of 2015.[4] When interviewed in jail by the DHHR worker, petitioner admitted to his drug use and his violence towards women and requested help.

In August of 2015, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations in the petition. The circuit court accepted his stipulations and adjudicated him an abusing parent. Thereafter, without objection, petitioner was granted a ninety-day, post-adjudicatory improvement period. Petitioner was directed to participate in a psychological evaluation related to parental fitness; random drug screens; parenting education; domestic violence counseling; family counseling; and supervised visits with the children once per week.

From November of 2015 to May of 2016, the circuit court held three review hearings regarding petitioner's improvement period. At the review hearing in May of 2016, the circuit court continued petitioner's improvement period for an additional ninety days. In August of 2016, the circuit court held a final review hearing.[5] Petitioner did not appear in person, but was represented by counsel. In its subsequent order, the circuit court found that petitioner failed to complete his post-adjudicatory improvement period. The circuit court permitted petitioner to continue with court-ordered services until the date of his dispositional hearing.

In January of 2017, the circuit court held a dispositional hearing. At that hearing, a Child Protective Services ("CPS") worker testified that petitioner exhibited a "huge gap" in his compliance with services and visitation with the children. She explained that he complied with no services for months in 2016, and it seemed as though he "fell off the face of the earth[.]" The CPS worker reported that he eventually explained that he had fallen into a depression and relapsed into drug use. According to the CPS worker, petitioner did not exhibit a consistent motivation to regain the custody of his children, and he was not substantially compliant with the services offered to him. She further testified that termination of petitioner's parental rights to the children was appropriate and that any post-termination visitation, if any was granted, should be reserved for the discretion of the child's caretaker.

Petitioner moved for a dispositional improvement period, but the same was denied. At the conclusion of the evidence and the parties' arguments, the circuit court terminated petitioner's parental rights to the children. The circuit court further found that post-termination visitation between petitioner and his children was contrary to the children's best interests, given petitioner's history of violence in this case. It is from the termination order, entered on February 17, 2017, that petitioner now appeals.[6]

---

[3]The DHHR later amended its petition for reasons not relevant to this appeal.

[4]The details of petitioner's arrest and incarceration are unclear from the record on appeal.

[5]No transcript of this hearing was included in the record on appeal.

[6]According to the parties, the parental rights of both parents to Z.M. and J.M. were terminated below. Those children, Z.M. and J.M., currently reside in foster care with a

(continued . . . )

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

To begin, we find no error in the circuit court's denial of petitioner's request for additional time on his post-adjudicatory improvement period or for a dispositional improvement period. Despite petitioner's claim that he sufficiently complied with services when he was participating in them, he acknowledges his failure to comply with services for significant periods of time. He further acknowledges his relapse into drug use. While petitioner attempts to explain his non-compliance as minimal and his continued drug abuse as an expected relapse due to his lengthy history of drug use, we find that petitioner's failures and continued drug abuse were appropriate considerations for the circuit court to deny additional time for parental improvement.

With regard to the termination of his improvement period, West Virginia Code § 49-4-610 sets forth when a circuit court may terminate an improvement period. Under West Virginia Code § 49-4-610(7), a circuit court is to terminate an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, "it is . . . within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

---

permanency plan of adoption into a foster home (although, according to the guardian, they may be adopted into a different foster home than they currently reside). It should be noted that petitioner has another biological child, T.M., who was previously dismissed from the proceedings in June of 2016. No appeal of T.M.'s dismissal was taken by any party, and no error is assigned to that dismissal here. Further, the circuit court's final order on appeal is limited to Z.M. and J.M. (referencing only those two children's case numbers). Consequently, this memorandum decision applies only to Z.M. and J.M.

As to the circuit court's ruling on a motion for a dispositional improvement period, West Virginia Code § 49-4-610(3) provides that a circuit court may grant an improvement period as a disposition when

> [s]ince the initiation of the proceeding, the respondent has not previously been granted any improvement period or the respondent demonstrates that since the initial improvement period, the respondent has experienced a substantial change in circumstances. Further, the respondent shall demonstrate that due to that change in circumstances, the respondent is likely to fully participate in the improvement period.

Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). Moreover, a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period ....' " *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004) (internal citations omitted).

In this case, petitioner clearly failed to fully participate with the services offered during his first improvement period. Petitioner acknowledges these failures. He admits that he did not consistently comply with services throughout the proceedings, and he admits to his continued drug abuse. While petitioner is correct that he complied well when engaged, his compliance was intermittent. As such, we agree with the CPS worker's assessment at the dispositional hearing that he was not consistent in his motivation to regain the custody of his children. For those reasons, we find no abuse of discretion in the circuit court's termination of petitioner's post-adjudicatory improvement period and the denial of his dispositional improvement period. Therefore, petitioner's first assignment of error lacks merit.

Petitioner's second assignment of error is that the circuit court erred in denying him post-termination visitation with the children. Petitioner argues that he did not directly abuse his children, and post-termination visitation should be left to the children's discretion—if they wish to visit with petitioner, they should be able to do so. Upon our review, the Court finds this assignment of error to be without merit. We have previously held that

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being

4

and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Petitioner has failed to provide evidence to contradict the circuit court's finding that continued visitation was not in the children's best interests. Petitioner admits that the children feared him and considered him "mean" due to his violence and drug use. Further, in addition to concerns with violence and drug use, petitioner clearly abandoned his visits with the children for months during these proceedings with no apparent explanation given to the children beforehand. Petitioner's voluntary failure to visit with the children for months (when he was directed to do so as part of his reunification plan) defies his argument that the circuit court erred in denying him continued visits moving forward due to his bond with the children. Accordingly, we find no error in the circuit court's denial of post-termination visitation with petitioner.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 17, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 19, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5